■ In the Matter of JAMES T., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Leah Marks, J.), entered December 24, 1991, adjudicating respondent a juvenile delinquent after a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of resisting arrest and attempted assault in the third degree, and placing him on probation for one year, unanimously modified, on the law, to the extent of vacating the finding of attempted assault in the third degree and otherwise affirmed, without costs.

Evidence at fact-finding was that respondent was one of a group of youths obstructing pedestrian traffic; that when a police officer asked respondent and the other youths to move on, respondent refused and directed four letter vulgarities at the officer; that when the officer asked respondent to move a second time, respondent again refused and used vulgarities; and that when the officer then attempted to arrest respondent for disorderly conduct (Penal Law § 240.20 [5]), respondent resisted arrest, punched the officer in the shoulder and fled. Upon these facts, there is no merit to respondent's contention that the officer lacked probable cause to arrest him for disorderly conduct (see, People v Todaro, 26 NY2d 325, 328-329). Thus, even though respondent could not be charged with disorderly conduct, a violation, being under the age of 16 at the time (Family Ct Act § 301.2 [1]), he could be charged with resisting arrest. However, the fact-finding against respondent with respect to attempted assault in the third degree should be vacated, the evidence that he hit the officer only once, in the shoulder, being insufficient to show that he intended to cause physical impairment or substantial injury (see, Matter of Philip A., 49 NY2d 198). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.