■ In the Matter of NIKITSHA WILLIAMS, Respondent, v KEDRICK MAISE, Appellant. [925 NYS2d 839]—In a family offense proceeding pursuant to Family Court Act article 8, Kedrick Maise appeals from an order of fact-finding and disposition (one paper) of the Supreme Court, Orange County (IDV Part) (Kiedaisch, J.), entered June 22, 2010, which, after a hearing, inter alia, found that he had committed the family offense of harassment in the second degree, and directed him to comply with the conditions set forth in an order of protection dated April 1, 2010, for a period of two years, commencing on April 1, 2010.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"The determination of whether a family offense was commit-

ted is a factual issue to be resolved by the hearing court (*see* Family Ct Act §§ 812, 832; *Matter of Halper v Halper*, 61 AD3d 687 [2009]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]), and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]; *see Matter of Kaur v Singh*, 73 AD3d 1178 [2010]; *Matter of Gray v Gray*, 55 AD3d 909 [2008]). Here, contrary to the appellant's contention, a "fair preponderance" (Family Ct Act § 832) of the credible evidence supported the hearing court's determination that he committed the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act § 832; Penal Law § 240.26 [1]; *Matter of Jessica C. v Esteban B.*, 13 AD3d 183 [2004]; *People v Sylla*, 7 Misc 3d 8, 10 [2005]). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.