■ In the Matter of ARANKA MONOS, Respondent, v JOSEPH MONOS, Appellant. [999 NYS2d 131]—

Appeal from an order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), dated October 31, 2013. The order of protection directed the appellant, inter alia, to stay away from the petitioner until and including October 31, 2015.

Ordered that the order of protection is affirmed, without costs or disbursements.

"In a family offense proceeding, the petitioner has the burden of establishing, by a 'fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (*Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013]). Here, contrary to the Family Court's determination, the petitioner did not prove, by a preponderance of the evidence, that the appellant committed the family offenses of criminal mischief in the first degree (Penal Law § 145.12), reckless endangerment in the second degree (Penal Law § 120.20; *see generally People v Davis*, 72 NY2d 32, 36 [1988]; *Matter of Stanley F.*, 76 AD3d 1069, 1070 [2010]; *cf. Matter of Kadeem W.*, 5 NY3d 864 [2005]; *Matter of George V.*, 231 AD2d 641 [1996]), or attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]; *see Matter of Callahan v Picciano*, 105 AD3d 953 [2013]; *cf. Matter of Bessent v Bessent*, 113 AD3d 847 [2014]; *see generally People v McGee*, 20 NY3d 513, 519 [2013]; *People v Kassebaum*, 95 NY2d 611, 618 [2001]).

However, as the Family Court properly concluded, the petitioner proved, by a preponderance of the evidence, that the appellant committed the family offense of menacing in the second degree. Contrary to the appellant's contention, under the particular circumstances in which the appellant threatened to use a fork against the petitioner, the fork constituted a dangerous instrument (*see* Penal Law § 10.00 [13]; *People v Crane*, 156 AD2d 704, 705 [1989]; *see generally People v Carter*, 53 NY2d 113, 116 [1981]). The petitioner also met her burden of proof as to the family offense of harassment in the second degree (Penal Law § 240.26 [1]). In that respect, "[e]vidence of a genuine threat of physical harm backed by the ability to carry it out is sufficient to prove harassment in the second degree" (*Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]).

Upon the exercise of our factual review power, we conclude that the evidence adduced by the petitioner demonstrated that the order of protection issued by the Family Court was the appropriate disposition, since it was "reasonably necessary to provide meaningful protection . . . and to eradicate the root of the family disturbance" (*Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]; *see Matter of Mitchell v Muhammed*, 275 AD2d 783 [2000]; *Matter of Braham v Braham*, 264 AD2d 418 [1999]; *Merola v Merola*, 146 AD2d 611 [1989]).

The appellant's remaining contention does not require reversal (*see Matter of Miloslau v Miloslau*, 112 AD3d 632, 633 [2013]; *Matter of Saleem v Chaudhry*, 110 AD3d 817, 818 [2013]).

Accordingly, we affirm the order of protection. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.