■ In the Matter of RAFAEL FRIMER, Respondent, v ANTONINA FRIMER, Appellant. [39 NYS3d 226]—

Appeal by Antonina Frimer from an order of protection of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated July 16, 2015. The order of protection, upon a finding that the appellant committed family offenses, made after a hearing, directed the appellant, among other things, to stay away from the petitioner until and including July 17, 2017.

Ordered that upon the appeal from the order of protection, so much of the finding as found that the appellant committed the family offenses of attempted assault and menacing are vacated; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

In February 2014, the petitioner commenced this family offense proceeding against his wife, Antonina Frimer (hereinafter the appellant), in the Family Court, Kings County, pursuant to Family Court Act article 8. Upon transfer to the IDV Part of Supreme Court, Kings County, and after a hearing, the Supreme Court found on the record that the appellant committed the family offenses of attempted assault, menacing, and

harassment, and issued an order of protection directing the appellant to stay away from the petitioner until and including July 17, 2017, and to observe other stated conditions.

" 'In a family offense proceeding, the petitioner has the burden of establishing, by a "fair preponderance of the evidence," that the charged conduct was committed as alleged in the petition' " (*Matter of Bah v Bah*, 112 AD3d 921, 921-922 [2013], quoting *Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832; *see Matter of Masciello v Masciello*, 130 AD3d 626, 626 [2015]; *Matter of Bessent v Bessent*, 113 AD3d 847 [2014]; *Matter of Knibbs v Zeman*, 86 AD3d 568 [2011]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Savas v Bruen*, 139 AD3d 737, 738 [2016]; *see Matter of Masciello v Masciello*, 130 AD3d at 626; *Matter of Bessent v Bessent*, 113 AD3d at 847; *Matter of Williams v Maise*, 85 AD3d 933 [2011]).

Here, according due deference to the credibility determinations of the Supreme Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]). The evidence demonstrated that the appellant, with the intent to harass, annoy, or alarm the petitioner, engaged in a course of conduct, consisting of threatening to call the police and make false accusations against the petitioner, cursing at the petitioner, shoving the petitioner, and throwing his personal belongings, which alarmed or seriously annoyed the petitioner and served no legitimate purpose (*see Matter of Jacobs v Jacobs*, 138 AD3d 742, 743 [2016]; *Matter of Xin Li v Ramos*, 125 AD3d 681, 682 [2015]; *Matter of Pochat v Pochat*, 125 AD3d 660, 661 [2015]).

The Supreme Court's findings of additional family offenses, however, were not supported. There was insufficient evidence to establish, by a fair preponderance of the evidence, that the appellant committed the family offense of attempted assault in the second degree (*see* Penal Law §§ 120.05 [1]; 110.00), as there was no evidence that she intended to cause a serious physical injury to the petitioner (*see* Penal Law § 10.00 [10]), or attempted assault in the third degree (*see* Penal Law §§ 120.00 [1]; 110.00), as there was no evidence that she intended to cause physical injury to the petitioner (*see* Penal Law § 10.00 [9]; *Matter of Wanji W.*, 277 AD2d 243, 244 [2000];

*Matter of James T.*, 189 AD2d 580, 580 [1993]). Further, the petitioner failed to establish, by a fair preponderance of the evidence, that the appellant committed the family offense of menacing in the second degree, as there was no evidence that she engaged in a "course of conduct" or "repeatedly committ[ed] acts" which placed or attempted to place the petitioner "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 120.14 [2]). Similarly, the petitioner failed to establish, by a fair preponderance of the evidence, that the appellant committed the family offense of menacing in the third degree, as there was no evidence that she intentionally placed or attempted to place him in fear of death, imminent serious physical injury, or physical injury (*see* Penal Law § 120.15). Accordingly, we vacate the findings that the appellant committed the family offenses of "attempted assault" and "menacing" (*see Matter of Jordan v Verni,* 139 AD3d 1067 [2016]).

Under the circumstances of this case, we find no basis to disturb the order of protection (*see* Family Ct Act § 842; *Matter of Filipowski v Sullivan-Tirelli,* 139 AD3d 1063 [2016]; *Matter of Pochat v Pochat,* 125 AD3d at 662; *Matter of Hodiantov v Aronov,* 110 AD3d 881 [2013]; *Matter of Maiorino v Maiorino,* 107 AD3d 717 [2013]; *Matter of Jackson v Idlett,* 103 AD3d 723 [2013]).

The appellant's contention that the Supreme Court erred in failing to conduct a full dispositional hearing is unpreserved for appellate review, as she was informed that the matter would proceed to disposition by the issuance of a two-year order of protection, failed to request a full hearing, and asked the court instead to issue an order of a shorter duration (*see Matter of Thomas J. [Joan D.],* 112 AD3d 718, 719 [2013]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.