In the Matter of THERESA A. MAYERS, Respondent, v KIMEON THOMPSON, Appellant. [42 NYS3d 864]—

Appeal by Kimeon Thompson from an order of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated May 14, 2015. The order, after a hearing, and upon a finding that he committed the family offense of harassment in the second degree, directed him to stay away from the petitioner for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

"A family offense must be established by a fair preponderance of the evidence" (*Matter of Sealy v Sealy*, 134 AD3d 725, 725 [2015]). "In determining a motion to dismiss for failure to establish a prima facie case, the evidence must be accepted as true and given the benefit of every reasonable inference which may be drawn therefrom" (*id.*). Here, accepting the petitioner's testimony offered in support of her petition as true, and giving the testimony the benefit of every reasonable inference, the petitioner established, prima facie, that the appellant committed the family offense of harassment in the second degree (*see Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093 [2011]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]). Upon the exercise of our factual review power, a fair preponderance of the evidence supports the Family Court's determination that the appellant committed the family offense of harassment in

the second degree (*see Matter of Polizzi v McCrea*, 129 AD3d 733, 734 [2015]; *Matter of Messana v Messana*, 115 AD3d 860, 861 [2014]).

Contrary to the appellant's contention, the petitioner's evidence demonstrated that the order of protection issued by the Family Court was the appropriate disposition since it was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (*see Matter of Monos v Monos*, 123 AD3d 931, 932 [2014]; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]). Chambers, J.P., Roman, Miller and Barros, JJ., concur.