■ In the Matter of LUISA FUEL, Respondent, v CARLOS CHACA, Appellant. [52 NYS3d 886]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Dean T. Kusakabe, J.), dated March 29, 2016, and (2) an order of protection of that court also dated March 29, 2016. The order of fact-finding and disposition, after a hearing, granted the family offense petition against the appellant. The order of protection directed the appellant to refrain from certain conduct with respect to the petitioner until and including March 28, 2018.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding seeking an order of protection against the appellant, who is her former spouse. Following a fact-finding hearing, the Family Court determined that the appellant had committed the family offenses of attempted assault in the third degree, harassment in the second degree, and menacing in the third degree. After a dispositional hearing, the court issued a final order of protection directing the appellant to refrain from certain conduct with respect to the petitioner until and including March 28, 2018.

" 'In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition' " (*Matter of Bah v Bah*, 112 AD3d 921, 921-922 [2013], quoting *Matter of Cassie v Cassie*, 109 AD3d 337, 340 [2013], quoting Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (*Matter of Nusbaum v Nusbaum*, 59 AD3d 725, 725 [2009] [citations and internal quotation marks omitted]).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports a finding that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, and menacing in the third degree, warranting the issuance of an order of protection against him (Penal Law §§ 110.00, 120.00 [1]; 120.15, 240.26 [1]; *see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Panico v Panico*, 100 AD3d 907, 908 [2012]; *Matter of Akter v Patwary*, 80 AD3d 759 [2011]). Contrary to the appellant's contention, the Family Court did not improperly rely upon allegations not charged in the petition (*see Matter of Charrat v Jeanty*, 146 AD3d 947, 948 [2017]; *cf. Matter of Kiani v Kiani*, 134 AD3d 1036, 1038 [2015]; *Matter of Bessent v Bessent*, 113 AD3d 847, 848 [2014]; *Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]). Mastro, J.P., Hall, Austin and Barros, JJ., concur.