■ In the Matter of KENNETH S. SHANK, Respondent, v MICHELE SHANK, Appellant. [63 NYS3d 719]—

Appeal by Michele Shank from an order of protection of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 22, 2017. The order of protection, upon a finding that Michele Shank committed the family offenses of harassment in the first degree and harassment in the second degree, made after a hearing, directed her, among other things, to stay away from the petitioner and the parties' three children until and including February 22, 2018.

Ordered that the order of protection is affirmed, without costs or disbursements.

In February 2017, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, who is the petitioner's wife and the mother of his three children. The parties and their children reside together in the marital home pursuant to a temporary stipulation entered into by the parties in January 2017.

After a hearing, the Family Court found that the appellant committed the family offenses of harassment in the first degree and harassment in the second degree, and issued an order of protection dated February 22, 2017. The order of protection, inter alia, directed the appellant to refrain from having contact with the petitioner and the children until and including February 22, 2018. The family offenses arose out of two incidents that occurred in the marital home on September 19, 2016, and February 4, 2017, respectively, during which time all three children were home. The February 4, 2017, incident occurred in the presence of the parties' five-year-old daughter.

"A family offense must be established by a fair preponderance of the evidence" (*M.B. v L.T.*, 152 AD3d 475, 476 [2017]; *see* Family Ct Act § 832; *Matter of Zhuo Hong Zheng v Hsin Cheng*, 144 AD3d 1166, 1167 [2016]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (*M.B. v L.T.*, 152 AD3d at 476; *see Matter of Armanious v Armanious*, 152 AD3d 674 [2017]; *Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d 951, 952 [2017]; *Matter of Frimer v Frimer*, 143 AD3d 895, 896 [2016]).

Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that

the appellant committed the family offense of harassment in the second degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law § 240.26 [1], [3]; *Matter of Frimer v Frimer*, 143 AD3d at 896; *Matter of Henderson v Henderson*, 137 AD3d 911, 912 [2016]; *Matter of Garcia v Marini*, 133 AD3d 751, 752 [2015]). The evidence demonstrated that on both September 19, 2016, and February 4, 2017, the appellant, with the intent to harass, annoy, or alarm the petitioner, struck or subjected him to physical contact (*see* Penal Law § 240.26 [1]; *Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]). Further, on two occasions on February 4, 2017, the appellant engaged in a course of conduct consisting of screaming at and striking the appellant on his face, neck, and back with both of her hands, which alarmed or seriously annoyed him and served no legitimate purpose (*see* Penal Law § 240.26 [3]; *Matter of Frimer v Frimer*, 143 AD3d at 896).

However, contrary to the Family Court's findings, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed the family offense of harassment in the first degree. The evidence failed to establish that the appellant's conduct put the petitioner "in reasonable fear of physical injury" (Penal Law § 240.25; *see Matter of Filipowski v Sullivan-Tirelli*, 139 AD3d 1063 [2016]). Accordingly, we exercise our factual review power to vacate the finding that the appellant committed the family offense of harassment in the first degree (*see Matter of Filipowski v Sullivan-Tirelli*, 139 AD3d at 1064).

Under the circumstances of this case, we find no basis to disturb the order of protection (*see* Family Ct Act § 842; *Matter of Frimer v Frimer*, 143 AD3d at 897). Contrary to the appellant's contention, the evidence demonstrated that the order of protection in favor of the petitioner, as well as the parties' three children, was the appropriate disposition, even without a finding that the appellant committed the family offense of harassment in the first degree, since it was reasonably necessary to provide meaningful protection to them and to eradicate the root of the domestic disturbance (*see* Family Ct Act § 842 [a], [k]; *Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d 951 [2017]; *Matter of Mayers v Thompson*, 145 AD3d 1010 [2016]; *Matter of Monos v Monos*, 123 AD3d 931, 932 [2014]; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]). Dillon, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.