Matter of Saquipay v Puzhi (2018 NY Slip Op 02633)





Matter of Saquipay v Puzhi


2018 NY Slip Op 02633


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-06090
 (Docket No. O-11333-16)

[*1]In the Matter of Mery Saquipay, respondent, 
v
Jose Puzhi, appellant.


Adewole Agbayewa, Fresh Meadows, NY, for appellant.
Heath J. Goldsein, Jamaica, NY, for respondent.
John C. Macklin, New Hyde Park, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Jose Puzhi appeals from an order of protection of the Family Court, Queens County (Marilyn L. Zarrello, Ct. Atty. Ref.), dated February 24, 2017. The order of protection, upon a finding that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, menacing in the third degree, and disorderly conduct, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner until and including February 24, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, the father of the parties' child. After a hearing, the Family Court found that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, menacing in the third degree, and disorderly conduct. The court issued an order of protection, inter alia, directing the appellant to stay away from the petitioner until and including February 24, 2018.
Although the order of protection expired by its own terms on February 24, 2018, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronia P. v Radcliff A., 24 NY3d 668, 673).
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Shank v Shank, 155 AD3d 875, [*2]876; Matter of Fuel v Chaca, 150 AD3d 1231, 1232; Matter of Cassie v Cassie, 109 AD3d 337, 340). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44; see Matter of Shank v Shank, 155 AD3d at 876; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of Nusbaum v Nusbaum, 59 AD3d 725, 725).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's determination that the appellant committed acts constituting the family offenses of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of King v King, 150 AD3d 1116, 1117) and harassment in the second degree (see Penal Law § 240.26 [1][2]; Matter of Shank v Shank, 155 AD3d at 876-877; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of Polizzi v McCrea, 129 AD3d 733, 734; Matter of Messana v Messana, 115 AD3d 860, 861). The evidence demonstrated that on June 14, 2016, the appellant attempted to cause the petitioner to sustain a physical injury when he pulled the petitioner by the arm, pushed her against a wall, and pushed her by the shoulders, causing her to fall to the floor (see Penal Law §§ 110.00, 120.00[1]; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of King v King, 150 AD3d at 1117). Further, the evidence demonstrated that the appellant, with the intent to harass, annoy, or alarm the petitioner, kicked her on November 26, 2015, threatened to cause her physical harm during an April 2016 telephone call, and followed her in or about a public place on June 14, 2016 (see Penal Law § 240.26[1][2]; Matter of Shank v Shank, 155 AD3d at 876-877; Matter of Fuel v Chaca, 150 AD3d at 1232; Matter of Polizzi v McCrea, 129 AD3d at 734; Matter of Messana v Messana, 115 AD3d at 861).
However, contrary to the Family Court's findings, the petitioner failed to establish that the appellant committed the family offenses of menacing in the third degree and disorderly conduct. There was insufficient evidence that the appellant placed or attempted to place the petitioner in fear of death, imminent serious physical injury, or physical injury by physical menace (see Penal Law § 120.15; Paruchuri v Akil, 156 AD3d 712, 714; Matter of Frimer v Frimer, 143 AD3d 895, 897). In addition, the evidence failed to establish that the appellant's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (see Penal Law § 240.20; Paruchuri v Akil, 156 AD3d at 714; Matter of Shiffman v Handler, 115 AD3d 753, 753; Cassie v Cassie, 109 AD3d 337, 344; Matter of Hasbrouck v Hasbrouck, 59 AD3d 621, 621-622).
Under the circumstances of this case, and in light of the reasonable necessity of providing protection to the petitioner, we find no basis to disturb the order of protection (see Family Ct Act § 842; Matter of Shank v Shank, 155 AD3d at 877; Matter of Frimer v Frimer, 143 AD3d at 897; Matter of Pochat v Pochat, 125 AD3d 660, 662).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court