Matter of Farkas v Farkas (2018 NY Slip Op 08297)





Matter of Farkas v Farkas


2018 NY Slip Op 08297


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-11910
 (Docket No. O-8530-17)

[*1]In the Matter of Ted Farkas, respondent, 
v
Margaret Farkas, appellant.


Heather A. Fig, Bayport, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Margaret Farkas appeals from an order of protection of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated October 13, 2017. The order, upon a finding that Margaret Farkas committed the family offense of disorderly conduct, made after a fact-finding hearing, directed her, inter alia, to stay away from the petitioner until and including October 13, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, his wife. After a fact-finding hearing, the Family Court found that the appellant committed the family offense of disorderly conduct on two separate occasions and issued an order of protection, inter alia, directing the appellant to stay away from the petitioner until and including October 13, 2018.
Although the order of protection expired by its own terms on October 13, 2018, the appeal has not been rendered academic in light of the enduring consequences that may flow from a finding that the appellant committed a family offense (see Matter of Veronia P. v Radcliff A., 24 NY3d 668, 673).
We agree with the Family Court's determination that the petitioner and the appellant were members of the same family or household within the meaning of Family Court Act § 812(1) (see Family Ct Act § 812[1][b], [e]; Matter of Gentile v Torres, 139 AD3d 854, 855; Matter of Winston v Edwards-Clarke, 127 AD3d 771, 773; Matter of Jose M. v Angel V., 99 AD3d 243, 247). Accordingly, the court properly determined that it had subject matter jurisdiction to entertain the petition.
Contrary to the appellant's contention, the petitioner's evidence demonstrated that the order of protection issued by the Family Court was the appropriate disposition, since it was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (see Family Ct Act § 842; Matter of Shank v Shank, 155 AD3d 875, 876; Matter of Mayers v Thompson, 145 AD3d 1010, 1011; Matter of Frimer v Frimer, 143 AD3d 895, 897; Matter of Monos v Monos, 123 AD3d 931, 932).
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court