Matter of Lliguicota v Calva (2019 NY Slip Op 00599)





Matter of Lliguicota v Calva


2019 NY Slip Op 00599


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-12521
 (Docket No. O-4327-17)

[*1]In the Matter of Ilda Lliguicota, respondent,
v
Cesar Calva, appellant.


Francine Shraga, Brooklyn, NY, for appellant.
Beth E. Goldman, New York, NY (Amanda M. Beltz of counsel), for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Kings County (Danielle Rodriguez, Ct. Atty. Ref.), dated November 17, 2017. The order of protection, upon a finding, made after a fact-finding hearing, that the appellant committed the family offenses of assault in the third degree, menacing in the third degree, harassment in the second degree, and stalking in the fourth degree, directed him, after a dispositional hearing, inter alia, to stay away from the petitioner until and including November 16, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, the father of the parties' child. After a fact-finding hearing, the Family Court found that the appellant had committed the family offenses of assault in the third degree, menacing in the third degree, harassment in the second degree, and stalking in the fourth degree based upon specific incidents about which the petitioner testified. After a dispositional hearing, at which the court noted the appellant's history of criminal conduct against the petitioner as well as the appellant's violation of an interim order of protection, the court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner until and including November 16, 2019.
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Saquipay v Puzhi, 160 AD3d 879, 879; Matter of Shank v Shank, 155 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44; see Matter of Henderson v Henderson, 137 AD3d 911, 911; Matter of Aslan v Senturk, 125 AD3d 852, 852).
Here, a fair preponderance of the evidence adduced at the fact-finding hearing supports the Family Court's determination that the appellant committed acts constituting the family offenses of assault in the third degree (see Penal Law § 120.00), menacing in the third degree (see [*2]Penal Law § 120.15), harassment in the second degree (see Penal Law § 240.26[3]; see also Matter of Frimer v Frimer, 143 AD3d 895, 896), and stalking in the fourth degree (see Penal Law § 120.45). Contrary to the appellant's contention, the petitioner's evidence demonstrated that the order of protection issued by the court was the appropriate disposition since it was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (see Matter of Mayers v Thompson, 145 AD3d 1010; Matter of Monos v Monos, 123 AD3d 931, 932).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court