Matter of Griffith v Joseph (2019 NY Slip Op 04698)





Matter of Griffith v Joseph


2019 NY Slip Op 04698


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-04892
 (Docket No. O-14954-17)

[*1]In the Matter of Dana Griffith, respondent,
v
Brendon Joseph, appellant.


Karen Elizabeth Morth, New York, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Brendon Joseph appeals from an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated March 28, 2018. The order of protection, upon a finding that Brendon Joseph committed the family offense of harassment in the first degree, made after a fact-finding hearing, directed Brendon Joseph, inter alia, to stay away from the petitioner until and including March 27, 2019.
ORDERED that upon the appeal from the order of protection, the finding that Brendon Joseph committed the family offense of harassment in the first degree is vacated and a finding that Brendon Joseph committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree is made; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
In May 2017, the petitioner commenced this family offense proceeding against the appellant, alleging that the appellant had committed, inter alia, the family offenses of harassment in the first degree, harassment in the second degree, and criminal mischief. After a fact-finding hearing, the Family Court found that the appellant had committed the family offense of harassment in the first degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner until and including March 27, 2019.
Although the order of protection expired by its own terms on March 27, 2019, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Korszun v Kwas, 169 AD3d 906, 907).
"A family offense must be established by a fair preponderance of the evidence" (id. at 907 [internal quotation marks omitted]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (id. [internal quotation marks omitted]). "In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close [*2]case the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Raul L., 120 AD3d 52, 59).
Here, according due deference to the Family Court's credibility findings, the petitioner did not establish by a preponderance of the evidence that the appellant committed the family offense of harassment in the first degree (see Matter of Korszun v Kwas, 169 AD3d at 907). Accordingly, we exercise our factual review power to vacate the finding that the appellant committed the family offense of harassment in the first degree (see Matter of Shank v Shank, 155 AD3d 875, 877). However, there is no basis to disturb the order of protection, as the petitioner established by a preponderance of the evidence that the appellant committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree (see Penal Law §§ 145.00[1]; 240.26[1], [3]; Matter of Shank v Shank, 155 AD3d at 876-877; Matter of State of New York v Raul L., 120 AD3d at 59; Matter of Konstatine v Konstatine, 107 AD3d 994, 994-995).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court