Matter of Cook v Berehowsky (2022 NY Slip Op 06925)

Matter of Cook v Berehowsky

2022 NY Slip Op 06925

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-08678
 (Docket No. O-8104-19)

[*1]In the Matter of Daisy Cook, respondent, 
v
Darren Berehowsky, appellant.

Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Cobert, Haber & Haber, LLP, Garden City, NY (Amy Cobert Haber and Sandra L. Sgroi of counsel), for respondent.
Brynde Berkowitz, East Meadow, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Darren Berehowsky appeals from an order of protection of the Family Court, Nassau County (Lisa A. Cairo, J.), dated October 20, 2021. The order of protection, upon a finding that Darren Berehowsky committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed him, inter alia, to refrain from assaulting Daisy Cook and to refrain from any hazardous acts that create an unreasonable risk to the health, safety, or welfare of the subject children until and including October 19, 2022.
ORDERED that the order of protection is affirmed, with costs.
Daisy Cook (hereinafter the mother) commenced the instant family offense proceeding against Darren Berehowsky (hereinafter the father) by petition dated September 16, 2019. Following a hearing, the Family Court, inter alia, granted that branch of the petition which alleged that the father had committed the family offense of harassment in the second degree. The court issued an order of protection directing the father, inter alia, to refrain from assaulting the mother and from committing any hazardous acts that would create an unreasonable risk to the health, safety, or welfare of the subject children until and including October 19, 2022. The father appeals from the order of protection.
Although the order of protection expired by its own terms on October 19, 2022, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the father committed a family offense (see Matter of Saquipay v Puzhi, 160 AD3d 879, 879).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of [*2]Lederman v Lederman, 208 AD3d at 484 [internal quotation marks omitted]). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (id. [internal quotation marks omitted]). "In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses" (id. [internal quotation marks omitted]).
A person commits harassment in the second degree when that person, "with intent to harass, annoy or alarm another person . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26[1]). "The intent element may be inferred from the surrounding circumstances" (Matter of Richardson v Brown, 173 AD3d 875, 877).
Here, the mother established by a fair preponderance of the evidence that the father had committed the family offense of harassment in the second degree (see Matter of Lederman v Lederman, 208 AD3d at 484). The mother's testimony, which the Family Court credited, established that the father pulled a rug out from under her, causing her to fall. The father committed this act in the presence of the subject children, and the mother's hand hit one of the subject children as she fell. The father's intent to harass and alarm the mother can be inferred from the circumstances here, including his screaming before the incident and the lack of a legitimate reason for the father to pull the rug on which the mother was standing, particularly when the mother was in such close proximity to the subject children (see Matter of Richardson v Brown, 173 AD3d at 877).
Additionally, contrary to the father's contention, the Family Court properly included the subject children as protected persons on the order of protection, as the evidence demonstrated that doing so was "necessary to further the purposes of protection" (Family Ct Act § 842[l]; see Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 609; Matter of Shank v Shank, 155 AD3d 875, 877).
The father's remaining contention regarding a temporary custody order dated October 20, 2021, is not properly before this Court, as the father did not appeal from that order (see Matter of Iorio v Hyler, 49 AD3d 738, 739).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court