Matter of Ritter v Ritter (2023 NY Slip Op 03237)

Matter of Ritter v Ritter

2023 NY Slip Op 03237

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04068
 (Docket No. O-3661-21)

[*1]In the Matter of Carrie E. Ritter, respondent,
v
Stephan D. Ritter, appellant.

Carol Carozza, New Rochelle, NY, for appellant.
Jennifer Arditi, Maspeth, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Stephan D. Ritter appeals from an order of protection of the Family Court, Westchester County (Stephanie J. Lammers, Ct. Atty. Ref.), dated April 21, 2022. The order of protection, after a hearing, and upon a finding that Stephan D. Ritter committed the family offense of harassment, directed him, inter alia, to refrain from harassing the petitioner until and including October 21, 2022.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant. After a hearing, the Family Court found that the appellant had committed the family offense of harassment based upon the testimony of the petitioner. The court issued an order of protection directing the appellant, inter alia, to refrain from harassing the petitioner until and including October 21, 2022.
Although the order of protection has expired by its own terms, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Cook v Berehowsky, 211 AD3d 727, 728).
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Saquipay v Puzhi, 160 AD3d 879, 879; Matter of Shank v Shank, 155 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44).
Here, although the Family Court did not specify the degree of harassment under Family Court Act § 812(1) that the appellant committed, the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Kalyan v Trasybule, 189 AD3d 1046). A fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]), warranting the issuance of an order of protection (see Matter of Yurewich v Read, 209 AD3d 747, 748).
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court