Matter of Lynch v Jimenez (2024 NY Slip Op 04140)

Matter of Lynch v Jimenez

2024 NY Slip Op 04140

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-04861
2023-04863
 (Docket No. O-446-22)

[*1]In the Matter of Anthony R. Lynch, Sr., etc., respondent, 
v
Luis Jimenez, appellant.

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Gary E. Lane, Poughkeepsie, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Luis Jimenez appeals from (1) an order of fact-finding and disposition of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated February 17, 2023, and (2) an order of protection of the same court, also dated February 17, 2023. The order of fact-finding and disposition, after a hearing, found that Luis Jimenez committed the family offenses of harassment in the second degree and disorderly conduct and directed him to comply with the terms set forth in the order of protection for a period not to exceed two years. The order of protection, inter alia, directed Luis Jimenez to stay away from the petitioner and the petitioner's children for a period up to and including February 17, 2025.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
The petitioner, Anthony R. Lynch, Sr. (hereinafter the father), and Carol Pasquale (hereinafter the mother) were married and have two children. They divorced in October 2021, at which time the children continued to reside with the mother. In February 2022, the father commenced this family offense proceeding against Luis Jimenez, the mother's boyfriend. Following a hearing, the Family Court found that Jimenez committed the family offenses of harassment in the second degree and disorderly conduct and directed him to comply with the terms set forth in an order of protection for a period not to exceed two years. The court issued an order of protection, inter alia, directing Jimenez to stay away from the father and the children and refrain from communicating with them up to and including February 17, 2025. Jimenez appeals from the order of fact-finding and disposition and the order of protection.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lederman v Lederman, 208 AD3d 483, 484 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Cook v Berehowsky, 211 AD3d 727, 728). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Lederman v Lederman, 208 AD3d at 484 [internal quotation marks omitted]; see Matter of Paek v Alicea, 225 AD3d 877, 878; Matter of Safir v Safir, 214 AD3d 888, 889). "The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Lederman [*2]v Lederman, 208 AD3d at 484 [internal quotation marks omitted]). "'In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses'" (id., quoting Matter of Griffith v Joseph, 173 AD3d 868, 868-869 [internal quotation marks omitted]).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's determination that Jimenez committed acts constituting the family offenses of harassment in the second degree (see Penal Law § 240.26[3]) and disorderly conduct (see id. § 240.20; Matter of Cook v Berehowsky, 211 AD3d at 728; see generally Matter of Cassie v Cassie, 109 AD3d 337, 342-344). The court's determination that Jimenez committed those family offenses was based upon its assessment of the credibility of the parties and is supported by the record (see Family Ct Act § 812; Matter of Townes v Diggs, 216 AD3d 1104, 1105; Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167).
Additionally, contrary to Jimenez's contention, the Family Court properly included the children as protected persons in the order of protection, as the evidence demonstrated that doing so was "necessary to further the purposes of protection" (Family Ct Act § 842[l]; see Matter of Cook v Berehowsky, 211 AD3d at 728; Matter of Lengiewicz v Lengiewicz, 167 AD3d 608, 609).
Jimenez's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court