Aronov v Matvienko (2025 NY Slip Op 01599)

Aronov v Matvienko

2025 NY Slip Op 01599

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-06471
 (Index No. 719544/20)

[*1]Ilana Aronov, respondent, 
v
Evgeny Matvienko, appellant.

Rosenberg Family Law, P.C., Garden City, NY (Lee Rosenberg of counsel), for appellant.
Robert Aronov & Associates, P.C., Richmond Hill, NY (Gabriel Greenberg of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief and a related proceeding pursuant to Family Court Act Article 8 that was consolidated with the action, the defendant appeals from an order of the Supreme Court, Queens County (IDV Part) (Elisa S. Koenderman, J.), entered May 3, 2023. The order, insofar as appealed from, after a hearing, found that the defendant committed the family offense of harassment in the second degree and directed the issuance of a full stay-away order of protection in favor of the plaintiff, subject to contact and/or communication permitted by the order, for a period of two years.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced an action for divorce and thereafter filed a family offense petition which was consolidated with the matrimonial action. The plaintiff alleged, inter alia, that the defendant had committed the family offense of harassment in the second degree against her. Following a hearing, in an order entered May 3, 2023, the Supreme Court found that the plaintiff established by a preponderance of the evidence that the defendant had committed that family offense against the plaintiff and directed the issuance of a full stay-away order of protection in favor of the plaintiff, directing the defendant to stay away from the plaintiff, subject to contact and/or communication permitted by the order, for a period of two years. The defendant appeals from the order.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Cook v Berehowsky, 211 AD3d 727, 728). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Davis v Wright, 140 AD3d at 754; see Matter of Livesey v Gulick, 194 AD3d 1045, 1047).
A person commits harassment in the second degree when that person, "with intent [*2]to harass, annoy or alarm another person[,] . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[1], [3]; see Matter of Cook v Berehowsky, 211 AD3d at 728).
Contrary to the defendant's contention, a fair preponderance of the evidence adduced at the hearing established that he committed the family offense of harassment in the second degree. "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Karen P. v Alvin P., 210 AD3d 1097, 1098). The Supreme Court's determination that the defendant committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Karen P. v Alvin P., 210 AD3d at 1098; Matter of Breier v Breier, 202 AD3d 1083, 1084).
"The fact that abuse has not occurred during the pendency of an order [of protection] shall not, in itself constitute sufficient grounds for denying or failing to extend the order" and "[t]he duration of any temporary order shall not by itself be a factor in determining the length or issuance of any final order" (Family Ct Act § 842). Under the circumstances of this case, the Supreme Court providently exercised its discretion in directing the issuance of a two-year, full stay-away order of protection in favor of the plaintiff (see id. §§ 812[1]; 841[d]; 842).
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court