Matter of Jeudy v Duroc (2025 NY Slip Op 01929)

Matter of Jeudy v Duroc

2025 NY Slip Op 01929

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-10710
 (Docket No. O-8579-20)

[*1]In the Matter of Dorise Jeudy, respondent,
v
Teddy Charles-Anthony Duroc, appellant.

Charles Lawson, Brooklyn, NY, for appellant.
Noel Munier, Mineola, NY, for respondent.
Angella S. Hull, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Teddy Charles-Anthony Duroc appeals from an order of protection of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated June 15, 2023. The order of protection, after a hearing, and upon a finding that Teddy Charles-Anthony Duroc committed the family offenses of attempted assault in the third degree, harassment in the second degree, and menacing in the third degree, directed him, inter alia, to stay away from the petitioner until and including June 14, 2024.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2020, the petitioner commenced this family offense proceeding against the appellant. The parties, who were never married, previously had an intimate relationship, which resulted in the birth of a child. After a hearing, the Family Court found that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, and menacing in the third degree. The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner until and including June 14, 2024.
Although the order of protection has expired by its own terms, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Wiley v Wiley, 231 AD3d 841, 841; Matter of Cook v Berehowsky, 211 AD3d 727, 728).
In a family offense proceeding, the petitioner has the burden of establishing the alleged family offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Mattis v Walcott-Graham, 231 AD3d 1156, 1156). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Lederman v Lederman, 208 AD3d 483, 484; see Matter of Wiley v Wiley, 231 AD3d at 842). "Where, as here, the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mattis v Walcott-Graham, 231 AD3d at 1156 [internal quotation marks omitted]; see Matter of Williams v Rodriguez, 225 AD3d 776, [*2]777).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see Matter of Wiley v Wiley, 231 AD3d at 842; Matter of Mohammed v Mohammed, 174 AD3d 615, 616). Accordingly, there is no basis to disturb the court's determination that the petitioner established by a fair preponderance of the evidence that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, and menacing in the third degree.
The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court