Matter of Julien v Lewin (2025 NY Slip Op 02779)

Matter of Julien v Lewin

2025 NY Slip Op 02779

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-00819 
2024-01006
 (Docket No. O-15702-22)

[*1]In the Matter of Karlene Julien, respondent,
v
Clement Lewin, appellant.

Rhea G. Friedman, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Clement Lewin appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Nisha Menon, J.), dated December 19, 2023, and (2) an order of protection of the same court, also dated December 19, 2023. The order of fact-finding and disposition, after a hearing, found that Clement Lewin committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in the order of protection for a period not to exceed two years. The order of protection, inter alia, directed Clement Lewin to stay away from the petitioner until and including December 18, 2025.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
In August 2022, Karlene Julien (hereinafter the sister) commenced this proceeding pursuant to Family Court Act article 8 against her brother, Clement Lewin (hereinafter the brother), alleging, inter alia, that he had committed the family offense of harassment in the second degree and seeking an order of protection. After a hearing, the Family Court found that brother committed the family offense of harassment in the second degree and directed him to comply with the terms set forth in an order of protection for a period not to exceed two years. The order of protection, among other things, directed the brother to stay away from the sister until and including December 18, 2025. The brother appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Aronov v Matvienko, _____ AD3d _____, _____, 2025 NY Slip Op 01599, *1 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Cook v Berehowsky, 211 AD3d 727, 728). "In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of Cook v Berehowsky, 211 AD3d at 728 [internal quotation marks omitted]).
A person commits harassment in the second degree when with the intent to harass, annoy, or alarm another, he or she "engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[3]; see Matter of Aronov v Matvienko, _____ AD3d at _____, 2025 NY Slip Op 01599,*1-2). [*2]"While there is no question that an isolated incident cannot support a finding of harassment, a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose can support such a finding" (Matter of Schade v Kupferman, 188 AD3d 1218, 1219 [internal quotation marks omitted]).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see Matter of Aronov v Matvienko, _____ AD3d at _____, 2025 NY Slip Op 01599,*2). Accordingly, there is no basis to disturb the court's determination that the sister established by a fair preponderance of the evidence that the brother committed the family offense of harassment in the second degree.
The brother's remaining contentions are academic since he would not be entitled to the sole remedy he seeks for the alleged errors.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court