Matter of Kalyan v Trasybule (2020 NY Slip Op 07383)





Matter of Kalyan v Trasybule


2020 NY Slip Op 07383


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-10284
2019-10542
 (Docket No. O-514-18)

[*1]In the Matter of Ayanna Jacobs Kalyan, respondent,
v
Kevin Trasybule, appellant.


Joan N. G. James, Brooklyn, NY, for appellant.
Sanctuary for Families Center for Battered Women's Legal Services, New York, NY (Lindsey Marie Song and McDermott Will & Emery LLP [Warren Haskel and John Jian Song], of counsel), for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Kevin Trasybule appeals from (1) a decision of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated July 31, 2019, and (2) an order of protection of the same court also dated July 31, 2019. The order of protection, after a hearing, upon the decision, and upon a finding that Kevin Trasybule committed the family offenses of assault in the third degree, menacing, aggravated harassment in the second degree, and harassment, directed him, inter alia, to stay away from the petitioner until and including July 26, 2024.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that upon the appeal from the order of protection, so much of the finding as found that the appellant committed the family offense of menacing is vacated; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner filed a family offense petition in Family Court seeking an order of protection against the appellant, who is her ex-boyfriend. Following a fact-finding hearing, the Family Court determined that the appellant had committed the family offenses of assault in the third degree, menacing, aggravated harassment in the second degree, and harassment, and issued an order of protection directing him, inter alia, to stay away from the petitioner until and including July 26, 2024.
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Vella v Dillman, 160 AD3d 883, 883-884). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court and the Family Court's determination regarding the [*2]credibility of witnesses is entitled to great weight on appeal'" (Matter of Tulshi v Tulshi, 118 AD3d 716, 716, quoting Matter of Pearlman v Pearlman, 78 AD3d 711, 712), and will not be disturbed "unless clearly unsupported by the record" (Matter of Streat v Streat, 117 AD3d 837, 838 [internal quotation marks omitted]).
Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offenses of assault in the third degree, aggravated harassment in the second degree, and harassment (see Family Ct Act § 812[1]; Penal Law §§ 120.00[1]; 240.30[4]; Matter of Martinez v Aviles, 112 AD3d 719, 719-720). The evidence demonstrated that on the morning of October 15, 2017, the appellant went to the petitioner's home where he assaulted her, causing her physical injury, to wit, swelling to her face lasting over a week, a bloody nose, and injuries which made it painful for her to move (see People v Valencia, 50 AD3d 1163, 1164). Contrary to the appellant's contention, the fact the petitioner did not seek medical treatment did not discredit her testimony, as the lack of medical treatment is but a factor to consider in resolving whether a party has proven physical injury (see People v Guidice, 83 NY2d 630, 636).
Regarding the finding of the family offense of harassment, although the Family Court did not specify the degree of that family offense under Family Court Act § 812(1) that the appellant committed, the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Martinez v Aguilar, 180 AD3d 915, 915). A fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[1]; Matter of Martinez v Aviles, 112 AD3d 719). Since the record demonstrates that the appellant caused the petitioner physical injury, the Family Court's finding that aggravating circumstances were present will not be disturbed (see Matter of Kondor v Kondor, 109 AD3d 660, 661; Family Ct Act § 827[a][vii]).
However, there was insufficient evidence to establish the family offense of menacing, in either the second or third degree (Penal Law §§ 120.14, 120.15). With respect to menacing in the second degree, there was no evidence that the appellant engaged in a "course of conduct" or "repeatedly commit[ted] acts over a period of time" which placed or attempted to place the petitioner "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 120.14[2]), nor was there sufficient evidence that the appellant intentionally placed or attempted to place the petitioner in fear of death, imminent serious physical injury, or physical injury by displaying, inter alia, a deadly weapon or dangerous instrument (see Penal Law § 120.14[1]). Similarly, with respect to menacing in the third degree, there was insufficient evidence that the appellant intended to place the petitioner in fear of death, imminent serious physical injury, or physical injury, by physical menace (see Penal Law § 120.15; Matter of Saquipay v Puzhi, 160 AD3d 879, 880). Accordingly, the evidence failed to establish by a preponderance of the evidence that the appellant committed the family offense of menacing.
The appellant's contention that the Family Court erred in failing to conduct a full dispositional hearing is unpreserved for appellate review (see Matter of Frimer v Frimer, 143 AD3d 895, 897).
The appellant's remaining contentions are either unpreserved for appellate review or without merit.
Under the circumstances of this case, and in light of the reasonable necessity of providing protection to the petitioner, we find no basis to disturb the order of protection.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court