Matter of Olsen v Statile (2021 NY Slip Op 02162)





Matter of Olsen v Statile


2021 NY Slip Op 02162


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-14172
 (Docket No. O-2936-19)

[*1]In the Matter of Mary Olsen, respondent,
v
Nicolette Statile, appellant.


Melissa C.R. Chernosky, Port Washington, NY, for appellant.
Daniel E. Lubetsky, Jamaica, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Nicolette Statile appeals from an order of protection of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated November 25, 2019. The order of protection, after a hearing, upon a finding that Nicolette Statile had committed the family offenses of harassment in the second degree and disorderly conduct, inter alia, excluded her from the petitioner's home for a period up to and including November 25, 2020.
ORDERED that the finding that Nicolette Statile committed the family offense of disorderly conduct is vacated, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding against her granddaughter, the appellant. Following a combined fact-finding and dispositional hearing, the Family Court found that the petitioner had established by a preponderance of the evidence that the appellant had committed the family offenses of harassment in the second degree and disorderly conduct. The court issued an order of protection which, inter alia, excluded the appellant from the petitioner's home for a period up to and including November 25, 2020.
Although the order of protection has expired by its own terms, the appeal from the order of protection has not been rendered academic "given the totality of the enduring legal and reputational consequences" of orders of protection (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
"In a family offense proceeding, the allegations of the petition must be 'supported by a fair preponderance of the evidence'" (Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047, quoting Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record" (Matter of Kalyan v Trasybule, 189 AD3d at 1047 [internal quotation marks omitted]).
Here, the petitioner established by a fair preponderance of the evidence that the appellant committed the family offense of harassment in the second degree (see Family Ct Act § 812[1]; Matter of Kalyan v Trasybule, 189 AD3d at 1047-1048). Accepting the Family Court's credibility determinations, which were not clearly unsupported by the record, the evidence established that the appellant repeatedly engaged in threatening behavior toward the petitioner with the "intent to harass, annoy or alarm" the petitioner, that this behavior "alarm[ed] or seriously annoy[ed]" the petitioner, and that the appellant's behavior "serve[d] no legitimate purpose" (Penal Law § 240.26[3]; see Matter of Kalyan v Trasybule, 189 AD3d at 1047-1048).
However, the petitioner did not establish by a fair preponderance of the evidence that the appellant committed the family offense of disorderly conduct, as there was no evidence that the appellant's threatening behavior was intended to "cause public inconvenience, annoyance or alarm," or that her conduct recklessly created a risk thereof (Penal Law § 240.20). Accordingly, we vacate the finding that the appellant committed the family offense of disorderly conduct.
The appellant's remaining contention is without merit.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court