Matter of Rocioppi v Eliseo (2021 NY Slip Op 02530)





Matter of Rocioppi v Eliseo


2021 NY Slip Op 02530


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-02180 
2020-02509
 (Docket Nos. V-09976-08/19E, O-06783-19)

[*1]In the Matter of Carmine Rocioppi, appellant,
v
Maria Eliseo, respondent. (Proceeding No. 1) In the Matter of Maria M. Eliseo, respondent, Carmine A. Rocioppi, appellant. (Proceeding No. 2)


Carmine Rocioppi, named in Proceeding No 2. as Carmine A. Rocioppi, West Hempstead, NY, appellant pro se.
Harold F. Damm, Carle Place, NY, for respondent.
Barry J. Fisher, Garden City, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from (1) an order of protection of the Family Court, Nassau County (Conrad D. Singer, J.), dated January 23, 2020, and (2) an order of the same court, also dated January 23, 2020. The order of protection, after a hearing, and upon a finding that the father committed the family offense of aggravated harassment in the second degree, directed him, inter alia, in effect, to stay away from the mother's home, until and including July 22, 2021.
ORDERED that the appeal from the order dated January 23, 2020, is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The appeal from the order dated January 23, 2020, must be dismissed as abandoned since the father did not raise any argument in his brief with respect to his appeal from that order (see Matter of Gramman v Town of N. Hempstead, 187 AD3d 750).
The mother and the father have one child together. In 2019, the mother filed an amended family offense petition against the father, seeking an order of protection on behalf of herself and the child, based, in part, upon a threatening phone call the father made to her. Following a fact-finding hearing, the Family Court found that the father committed the family offense of aggravated harassment in the second degree and issued an order of protection directing the father, inter alia, to stay away from the home at which the child and the mother reside, until and including July 22, 2021.
In a family offense proceeding, the allegations of the petition must be "supported by [*2]a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Kalyan v Trasybule, 189 AD3d 1046). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Richardson v Brown, 173 AD3d 875, 876; Matter of Fruchthandler v Fruchthandler, 161 AD3d 1151, 1152).
Here, contrary to the father's contention, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports the Family Court's finding that the father committed the family offense of aggravated harassment in the second degree (Penal Law § 240.30[1][a]; see Family Ct Act § 812[1]). Contrary to the father's further contention, the court was not required to make a finding of "aggravating circumstances" (Family Ct Act § 827[a][vii]), as the duration of the order of protection did not exceed two years (see id. § 842; Matter of Masciello v Masciello, 130 AD3d 626, 627). Accordingly, there is no basis to disturb the order of protection.
The father's references in his brief to matters that are dehors the record have not been considered by this Court in its determination of the appeals.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court