Matter of Owen v Lincoln (2021 NY Slip Op 02802)





Matter of Owen v Lincoln


2021 NY Slip Op 02802


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-14338
 (Docket No. O-70177-19)

[*1]In the Matter of Barbara Owen, respondent,
v
Abraham Lincoln, Jr., appellant.


Abbe Shapiro, Mount Sinai, NY, for appellant.
Heather A. Fig, Bayport, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Abraham Lincoln, Jr., appeals from an order of protection of the Supreme Court, Suffolk County (IDV Part) (Andrew A. Crecca, J.), dated November 7, 2019. The order of protection, upon a finding that Abraham Lincoln, Jr., committed certain family offenses, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner until and including November 7, 2024.
ORDERED that the order is protection is modified, on the law, by adding thereto a decretal paragraph finding that aggravating circumstances exist, including the causing of physical injury to the petitioner by Abraham Lincoln, Jr.; as so modified, the order of protection is affirmed, without costs or disbursements.
The allegations in a family offense proceeding must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Kalyan v Trasybule, 189 AD3d 1046). The hearing court's determination regarding the credibility of witnesses is entitled to great weight on appeal (see Matter of Finn v Harrison, 188 AD3d 1200).
Here, contrary to the appellant's contention, the hearing court properly found that the petitioner established, by a fair preponderance of the evidence, that the appellant committed the family offenses of criminal obstruction of breathing or blood circulation (Penal Law § 121.11), assault in the third degree (Penal Law § 120.00), attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]), and harassment in the second degree (Penal Law § 240.26[1]). Since the record demonstrates that the appellant caused the petitioner physical injury, the court's finding on the record that aggravating circumstances were present will not be disturbed (see Matter of Kalyan v Trasybule, 189 AD3d 1046). Therefore, we modify the order of protection to include this finding in compliance with Family Court Act § 842 (see Matter of Kondor v Kondor, 109 AD3d 660).
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court