Matter of Batts v Muhammad (2021 NY Slip Op 05557)





Matter of Batts v Muhammad


2021 NY Slip Op 05557


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-00410
 (Docket No. O-12938-18)

[*1]In the Matter of Cha-Kia Batts, respondent,
v
Mustafa Muhammad, appellant.


Richard Cardinale, Brooklyn, NY, for appellant.
Simpson Thacher & Bartlett, LLP, New York, NY (Bryce L. Friedman, Susan M. Cordaro, and Kathryn P. Wheelock of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Javier E. Vargas, J.), dated December 2, 2020. The order of fact-finding and disposition, upon a decision of the same court, made after a hearing, found that the father committed the family offenses of assault in the third degree, harassment in the second degree, and criminal obstruction of breathing or circulation, and directed him to comply with the terms set forth in an order of protection of the same court, also dated December 2, 2020, for a period not to exceed five years. The notice of appeal from the decision is deemed a notice of appeal from the order of fact-finding and disposition (see CPLR 5512[a]).
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
As an initial matter, there is no merit to the mother's contention that the appeal should be dismissed as untimely taken. There is no evidence in the record that the father was served with the order of fact-finding and disposition by a party or the child's attorney, that he received the order in court, or that the Family Court mailed the order to the father. Accordingly, it cannot be determined on the record before this Court whether the father filed his notice of appeal within the required time period (see Family Ct Act § 1113; Matter of Tynell S., 43 AD3d 1171, 1172).
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047; Matter of Vella v Dillman, 160 AD3d 883, 883-884). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal'" (Matter of Tulshi v Tulshi, 118 AD3d 716, 716, quoting Matter of Pearlman v Pearlman, 78 AD3d 711, 712), and will not be disturbed "unless clearly unsupported by the record" (Matter of Streat v Streat, 117 AD3d 837, 837 [internal quotation marks omitted]; see Matter of Kalyan v Trasybule, 189 AD3d at 1047).
Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the father committed the family offenses of assault in the third degree (Penal Law § 120.00), harassment in the second degree (id. § 240.26), and criminal obstruction of breathing or circulation (id. § 121.11). Since the record demonstrates that the father caused the mother physical injury, the court's finding that aggravating circumstances were present will not be disturbed (see Matter of Kalyan v Trasybule, 189 AD3d at 1048).
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court