Matter of McClean v McClean (2023 NY Slip Op 00090)

Matter of McClean v McClean

2023 NY Slip Op 00090

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2022-02152 
2022-02153
2022-02154
 (Docket Nos. O-13246-21, O-14293-21)

[*1]In the Matter of Miriam McClean, respondent,
v
Ephraim McClean, appellant. (Proceeding Nos. 1 & 2)
In the Matter of Ephraim McClean, appellant, Miriam McClean, respondent. (Proceeding No. 3)

Hector L. Santiago, Kew Gardens, NY, for appellant.
Suzanne Blond, Jamaica, NY, for respondent.

DECISION & ORDER
In related family offense proceedings pursuant to Family Court Act article 8, Ephraim McClean appeals from (1) an order of dismissal of the Family Court, Queens County (Mildred T. Negron, J.), dated December 23, 2021, (2) an order of fact-finding and disposition of the same court (Dean Kusakabe, J.) dated March 1, 2022, and (3) an order of protection of the same court (Dean Kusakabe, J.), also dated March 1, 2022. The order of dismissal, in effect, denied Ephraim McClean's family offense petition and dismissed that proceeding with prejudice. The order of fact-finding and disposition, after a hearing, found that Ephraim McClean had committed acts constituting the family offense of attempted assault in the third degree and directed him to comply with the terms set forth in the order of protection. The order of protection directed Ephraim McClean to stay away from Miriam McClean and the home of Miriam McClean until and including September 1, 2022.
ORDERED that the order of dismissal, the order of fact-finding and disposition, and the order of protection are affirmed, without costs or disbursements.
Miriam McClean (hereinafter the sister) filed a family offense petition against her brother Ephraim McClean (hereinafter the brother) alleging, among other things, that he slammed a door on her hand while she was in his basement apartment in the house where they both lived. The brother then filed a family offense petition against the sister.
By order of dismissal dated December 23, 2021, the Family Court, in effect, denied the brother's family offense petition and dismissed that proceeding with prejudice. The court then conducted a hearing with respect to the sister's petition. In an order of fact-finding and disposition dated March 1, 2022, the court found that the brother had committed acts constituting the family offense of attempted assault in the third degree, and directed the brother to comply with the terms [*2]of an order of protection, also dated March 1, 2022. The order of protection dated March 1, 2022, directed the brother to stay away from the sister and her home until and including September 1, 2022. The brother appeals from the order of dismissal, the order of fact-finding and disposition, and the order of protection.
Contrary to the sister's contention, the appeal from the order of protection is not academic. Although the order of protection expired by its own terms on September 1, 2022, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the brother committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Yurewich v Read, 209 AD3d 747, 747; Matter of Stringer v Grant, 187 AD3d 1198, 1199).
In a family offense proceeding, the allegations of the petition must be supported by a fair preponderance of the evidence (see Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Yurewich v Read, 209 AD3d at 747). The court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Batts v Muhammad, 198 AD3d 750, 751; Matter of Rocioppi v Eliseo, 193 AD3d 1055, 1056).
Here, a fair preponderance of the evidence supports the Family Court's finding that the brother committed the family offense of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]; Family Ct Act § 812[1]). Contrary to the brother's contention, a fair preponderance of the evidence supports a finding that he acted with the intent "to cause physical injury" to the sister when he slammed the door while the sister's hand was in the doorway (Penal Law § 120.00[1]; see id. §§ 15.05[1], 110.00; Matter of Saquipay v Puzhi, 160 AD3d 879, 880). Consequently, there is no basis to disturb the order of protection (see Family Ct Act § 842).
Moreover, the Family Court properly, in effect, denied the brother's family offense petition and dismissed that proceeding. Liberally construing the allegations of the brother's petition and giving the brother the benefit of every favorable inference, the brother's petition failed to set forth factual allegations which, if proven, would establish that the sister had committed a qualifying family offense (see Matter of Jones v Rodriguez, 209 AD3d 652, 653; Matter of Silverman v Leibowitz, 198 AD3d 903, 904). The allegations in the brother's petition were conclusory and lacked specificity (see Matter of Janczewski v Janczewski, 152 AD3d 595, 597; Matter of Davis v Venditto, 45 AD3d 837, 838).
The brother's remaining contentions, including his contention that the sister's petition failed to state a cause of action, are without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court