Matter of Fore v Fore (2023 NY Slip Op 00865)

Matter of Fore v Fore

2023 NY Slip Op 00865

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-02610
 (Docket No. O-1013-22)

[*1]In the Matter of Luciana C. Fore, respondent,
v
Anthony Fore, appellant.

Arza R. Feldman, Manhasset, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Anthony Fore appeals from an order of protection of the Family Court, Nassau County (Darlene D. Harris, J.), dated March 7, 2022. The order of protection, after a hearing, and upon a finding that Anthony Fore committed the family offense of assault, directed him, inter alia, to stay away from the petitioner until and including March 6, 2023.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner filed a family offense petition against the appellant, who is her nephew, alleging, among other things, that the appellant had committed the family offenses of assault in the second degree and assault in the third degree against her. After a hearing, the Family Court found that the appellant had committed the family offense of assault and issued an order of protection directing him, inter alia, to stay away from the petitioner until and including March 6, 2023.
In a family offense proceeding, the allegations of the petition must be supported by a fair preponderance of the evidence (see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Yurewich v Read, 209 AD3d 747, 747 [internal quotation marks omitted]). The Family Court's "determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Batts v Muhammad, 198 AD3d 750, 751 [citation and internal quotation marks omitted]; see Matter of Rocioppi v Eliseo, 193 AD3d 1055, 1056).
Regarding the family offense of assault, although the Family Court did not specify the degree of assault under Family Court Act § 812(1) that the appellant committed, the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Yurewich v Read, 209 AD3d at 748; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047-1048).
Contrary to the appellant's contention, a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of assault in the third degree (see Family Ct Act § 812[1]; Penal Law § 120.00[1]), warranting the issuance of an order of protection (see Family Ct Act §§ 841, 842). The evidence, which consisted solely of the petitioner's undisputed testimony, demonstrated that, on the morning of February 12, 2022, the appellant punched the petitioner in the face with a closed fist three to four times, causing a fractured jaw (see Matter of Kalyan v Trasybule, 189 AD3d at 1047; Matter of Antoinette T. v Michael J.M., 157 AD3d [*2]531, 531-532; cf. People v Wheeler, 201 AD3d 960, 962-963).
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court