Matter of Zaytseva v Frazier (2023 NY Slip Op 01525)

Matter of Zaytseva v Frazier

2023 NY Slip Op 01525

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-02654
2022-02655
 (Docket No. O-170-22)

[*1]In the Matter of Nataliya Zaytseva, respondent,
v
Michael Frazier, appellant.

Daniel P. Moskowitz, Jamaica, NY, for appellant.
Emily M. Olshansky, Southold, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Michael Frazier appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Judith D. Waksberg, J.), dated March 11, 2022, and (2) an order of protection of the same court also dated March 11, 2022. The order of fact-finding and disposition, after a hearing, found that Michael Frazier committed the family offenses of attempted assault in the third degree, harassment in the second degree, and disorderly conduct, and directed him to comply with the terms set forth in the order of protection. The order of protection, inter alia, directed Michael Frazier to stay away from the petitioner and excluded him from the parties' home until and including March 10, 2023.
ORDERED that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that Michael Frazier committed the family offense of disorderly conduct; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, her husband and the father of the parties' children, alleging that he committed various family offenses. After a fact-finding hearing, the Family Court found that the appellant committed the family offenses of attempted assault in the third degree, harassment in the second degree, and disorderly conduct based upon specific incidents about which the petitioner testified. The court issued an order of protection, inter alia, directing the appellant to stay away from the petitioner and excluding him from the parties' home until and including March 10, 2023.
Although the order of protection expired by its own terms on March 10, 2023, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Cook v Berehowsky, 211 AD3d 727, 728).
The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Saquipay v Puzhi, 160 AD3d [*2]879, 879; Matter of Shank v Shank, 155 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Richardson v Richardson, 80 AD3d 32, 43-44).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's finding that the appellant committed the family offenses of attempted assault in the third degree (Penal Law §§ 110.00, 120.00) and harassment in the second degree (id. § 240.26[3]). However, contrary to the court's determination, the petitioner failed to establish that the appellant committed the family offense of disorderly conduct. There was insufficient evidence to establish that the appellant's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (see id. § 240.20; Matter of Saquipay v Puzhi, 160 AD3d at 880-881; Matter of Cassie v Cassie, 109 AD3d 337, 344).
Contrary to the appellant's contention, the petitioner's evidence demonstrated that the issuance of the order of protection, inter alia, excluding the appellant from the parties' home was the appropriate disposition since it was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (see Matter of Miloslau v Miloslau, 112 AD3d 632, 633; Matter of Charles v Charles, 21 AD3d 487, 488).
The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court