Matter of Bashier v Adams (2023 NY Slip Op 03231)

Matter of Bashier v Adams

2023 NY Slip Op 03231

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-03096
 (Docket No. O-14214-21)

[*1]In the Matter of Amnah Poppy Bashier, respondent,
v
Dominick Kaine Adams, appellant.

Robert Marinelli, New York, NY, for appellant.
Austin I. Idehen, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Javier E. Vargas, J.), dated April 6, 2022. The order of fact-finding and disposition, after a hearing, found that the father committed the family offenses of harassment in the second degree and criminal obstruction of breathing or blood circulation, and directed him to comply with the terms set forth in an order of protection of the same court, also dated April 6, 2022, for a period not to exceed two years.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The mother and the father have one child in common. In October 2021, the mother filed a family offense petition against the father. After a hearing, the Family Court found, inter alia, that the mother proved by a preponderance of the evidence that the father committed the family offenses of harassment in the second degree and criminal obstruction of breathing or blood circulation. By order of fact-finding and disposition dated April 6, 2022, the court granted the mother's petition, and directed the father to comply with the terms set forth in an order of protection issued the same day in favor of the mother and against the father for a period not to exceed two years. The father appeals.
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047; Matter of Vella v Dillman, 160 AD3d 883, 883-884). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal'" (Matter of Tulshi v Tulshi, 118 AD3d 716, 716, quoting Matter of Pearlman v Pearlman, 78 AD3d 711, 712), and will not be disturbed "unless clearly unsupported by the record" (Matter of Streat v Streat, 117 AD3d 837, 837 [internal quotation marks omitted]; see Matter of Kalyan v Trasybule, 189 AD3d at 1047).
Here, contrary to the father's contention, the Family Court properly found that the mother established, by a fair preponderance of the evidence, that the father committed the family offenses of criminal obstruction of breathing or blood circulation (Penal Law § 121.11), and [*2]harassment in the second degree (Penal Law § 240.26) (see Matter of Breier v Breier, 202 AD3d 1083, 1084; Matter of Batts v Muhammad, 198 AD3d 750, 751; Matter of Owen v Lincoln, 194 AD3d 722, 723). The court's finding that the mother was a credible witness is supported by the record and should not be disturbed (see Matter of Royal v Royal, 187 AD3d 1195, 1195). Accordingly, there is no basis to disturb the order of fact-finding and disposition granting the petition and directing the father to comply with the terms set forth in the order of protection (see Matter of Breier v Breier 202 AD3d at 1084).
The mother's request for certain affirmative relief is not properly before this Court, as she did not cross-appeal from the order appealed from (see Matter of Khost v Ciampi, 189 AD3d 1409, 1410; Matter of Garcia v Santana, 171 AD3d 1058, 1059).
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court