Matter of Boone-Robinson v Robinson (2024 NY Slip Op 02048)

Matter of Boone-Robinson v Robinson

2024 NY Slip Op 02048

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-02595
 (Docket Nos. V-70134-22, V-70135-22, V-70136-22, V-70134-22/22A, V-70135-22/22A, V-70136-22/22A, V-70134-22/22B, V-70135-22/22B, V-70136-22/22B, F-70140-22)

[*1]In the Matter of Kristin Boone-Robinson, respondent,
v
Barrett Robinson, appellant.

Joseph A. Farco, Massapequa Park, NY, for appellant.
Francine H. Moss, Ronkonkoma, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Suffolk County (IDV Part) (John Iliou, J.), dated February 1, 2023. The order, insofar as appealed from, after a hearing, denied the father's petition to modify the custody provisions of a judgment of divorce dated September 16, 2021, which incorporated but did not merge a so-ordered stipulation of settlement dated September 14, 2020, so as to award him sole residential custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of three children, were divorced by a judgment dated September 16, 2021. Pursuant to a so-ordered stipulation of settlement dated September 14, 2020 (hereinafter the custody stipulation), the parties agreed, inter alia, to joint legal custody of the children. The judgment of divorce, which incorporated but did not merge the custody stipulation, among other things, awarded primary residential custody of the children to the mother.
On November 2, 2021, the mother received medical treatment at a local hospital. On November 5, 2021, the father commenced these related proceedings to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children. In an order dated February 1, 2023, after a hearing, the Supreme Court denied the petition. The father appeals.
The father's assertion that the mother should have been required to demonstrate her fitness to continue acting as the children's primary residential custodian in light of her purported medical condition misstates the legal standard. Rather, as the "party seeking the modification of an existing court-sanctioned child custody arrangement," the father had "the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to insure the child[ren]'s best interests" (Matter of Cook v Perez, 215 AD3d 960, 962 [internal quotation marks omitted]; see Matter of Ya Yun Weng v Zhi Gao, 214 AD3d 895, 895). "In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification" (Matter of Connolly v Walsh, 126 AD3d 691, [*2]693; see Matter of Ya Yun Weng v Zhi Gao, 214 AD3d at 895). The hearing court "is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Pierce v Caputo, 214 AD3d 877, 879).
Here, the Supreme Court's determination that the father failed to show that there was a change in circumstances warranting a modification to insure the children's best interests is supported by a sound and substantial basis in the record (see Matter of Ya Yun Weng v Zhi Gao, 214 AD3d at 895; Matter of Lamarche v Rooks, 142 AD3d 707, 708). The father's characterization of the mother's medical condition was contradicted by the evidence he presented at the hearing. Furthermore, the parental access with the children that was provided to the father in addition to his scheduled parental access awarded in the judgment of divorce was mutually agreed to by the parties and did not demonstrate a change in circumstances (see Gugel v Gugel, 218 AD3d 551, 552).
The father's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court