Matter of Jones v Leneau (2025 NY Slip Op 00094)

Matter of Jones v Leneau

2025 NY Slip Op 00094

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-01804
 (Docket No. O-2331-22)

[*1]In the Matter of Sharon Jones, appellant,
v
Ernest Leneau, respondent.

Paul W. Matthews, Staten Island, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of fact-finding and disposition of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated December 19, 2023. The order, insofar as appealed from, after a hearing, and upon a finding that the respondent committed the family offense of aggravated harassment in the second degree, granted the petition only to the extent of directing the respondent to comply with the terms set forth in an order of protection until February 28, 2024.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In February 2022, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who is her brother. The petitioner alleged, inter alia, that the respondent had a history of "violent, threatening and disturbing behavior" and that while incarcerated, he sent her threatening letters. After a fact-finding hearing, the Family Court, upon a finding that the respondent committed the family offense of aggravated harassment in the second degree (Penal Law § 240.30[1]), granted the petition to the extent of directing the respondent to comply with the terms set forth in an order of protection until February 28, 2024. The court issued an order of protection in favor of the petitioner and against the respondent, which was made a part of the order of fact-finding and disposition, that required the respondent, among other things, to stay away from the petitioner until February 28, 2024, a period of approximately two months. The petitioner appeals.
"The Family Court's determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Mansour v Mahgoub, 202 AD3d 961, 962). "Thus, where a hearing court 'was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony' of one party over that of the other, its determination will not be disturbed if it is supported by the record" (Matter of Henderson v Henderson, 137 AD3d 911, 912, quoting Matter of Musheyev v Musheyev, 126 AD3d 800, 801).
Upon a finding that a respondent engaged in conduct constituting a family offense, the Family Court is authorized to issue an order of fact-finding and disposition directing the issuance of an order of protection (see Family Ct Act § 841[d]). The order of protection shall be "for a period not in excess of two years" unless, inter alia, the court makes a finding "on the record of the existence of aggravating circumstances" (id. § 842). An "appropriate disposition" in a family [*2]offense proceeding is one which is "reasonably necessary to provide meaningful protection . . . and to eradicate the root of the family disturbance" (Matter of Monos v Monos, 123 AD3d 931, 932 [internal quotation marks omitted]; see Matter of Zaytseva v Frazier, 214 AD3d 895, 897).
Contrary to the petitioner's contention, the Family Court providently exercised its discretion in finding that a longer period of protection was not reasonably necessary under the circumstances (see Matter of Zaytseva v Frazier, 214 AD3d at 897; Matter of Monos v Monos, 123 AD3d at 932; cf. Matter of Dandu v Jatamoni, 228 AD3d 861, 861-862).
The petitioner's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court