Matter of Ramos v West (2025 NY Slip Op 00225)

Matter of Ramos v West

2025 NY Slip Op 00225

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-10015
 (Docket No. O-15691-22)

[*1]In the Matter of Angela Ramos, respondent, 
v
Lawrence West, appellant.

Elliot Green, Brooklyn, NY, for appellant.
Law Offices of Robert Osuna, P.C., New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Raymi V. Ramseur-Usher, J.), dated October 6, 2023. The order of fact-finding and disposition, after a hearing, found that the father committed the family offenses of aggravated harassment in the second degree, disorderly conduct, and harassment in the second degree and directed the father to comply with the terms of an order of protection.
ORDERED that the order of the fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that the father committed the family offense of disorderly conduct; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements.
The mother commenced this family offense proceeding pursuant to Family Court Act article 8 against the father, alleging that he committed various family offenses. The parties, who were never married, have one child together. After a hearing, the Family Court found that the father committed the family offenses of aggravated harassment in the second degree (Penal Law § 240.30), disorderly conduct (id. § 240.20), and harassment in the second degree (id. § 240.26). The court also directed the father to comply with the terms of an order of protection. The father appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Williams v Rodriguez, 225 AD3d 776, 777 [internal quotation marks omitted]; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Richardson v Brown, 173 AD3d 875, 876 [internal quotation marks omitted]; see Matter of Bashier v Adams, 217 AD3d 764, 764).
Here, accepting the Family Court's credibility determinations, which were not clearly unsupported by the record (see Matter of Olsen v Statile, 193 AD3d 741, 742), the evidence established by a preponderance of the evidence that the father committed the family offense of aggravated harassment in the second degree (see Family Ct Act § 812[1]; Matter of Rocioppi v Eliseo, 193 AD3d 1055, 1056). The evidence also established that the father committed the family [*2]offense of harassment in the second degree (see Matter of Olsen v Statile, 193 AD3d at 742). However, contrary to the court's determination, the evidence failed to establish that the father committed the family offense of disorderly conduct, as there was insufficient evidence to establish that the father's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (see Penal Law § 240.20; Matter of Zaytseva v Frazier, 214 AD3d 895, 897; Matter of Cassie v Cassie, 109 AD3d 337, 341).
The father's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court