Matter of Mills v Frost (2025 NY Slip Op 01932)

Matter of Mills v Frost

2025 NY Slip Op 01932

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-05197
 (Docket No. O-6505-20)

[*1]In the Matter of Sandra Mills, respondent,
v
Tameco Frost, appellant.

Heath J. Goldstein, Jamaica, NY, for appellant.
Angella S. Hull, Jamaica, NY, for respondent.
Stephen A. Gargiulo, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Tameco Frost appeals from an order of protection of the Family Court, Queens County (Mildred T. Negron, J.), dated June 3, 2024. The order of protection, upon a finding, made after a fact-finding hearing, that Tameco Frost committed the family offenses of menacing in the third degree and disorderly conduct, directed him, after a dispositional hearing, inter alia, to stay away from the petitioner until and including June 3, 2026.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against Tameco Frost, the father of the parties' child. After a fact-finding hearing, at which both parties testified, the Family Court found that Frost had committed the family offenses of menacing in the third degree and disorderly conduct. After a dispositional hearing, the court issued an order of protection directing Frost, inter alia, to stay away from the petitioner until and including June 3, 2026.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Williams v Rodriguez, 225 AD3d 776, 777 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Richardson v Brown, 173 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Richardson v Brown, 173 AD3d at 876 [internal quotation marks omitted]; see Matter of Bashier v Adams, 217 AD3d 764, 764; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047).
Here, a fair preponderance of the evidence adduced at the fact-finding hearing supports the Family Court's finding that Frost committed the family offense of disorderly conduct (see Penal Law § 240.20). The court was presented with sharply conflicting accounts by the parties regarding the subject incident, and the court's determination to credit the petitioner's testimony over Frost's testimony is supported by the record (see Matter of Mitchell-George v George, 234 AD3d [*2]969, 969-970; Matter of Townes v Diggs, 216 AD3d 1104, 1105). Moreover, the petitioner's testimony established that Frost's behavior of yelling, cursing, and gesturing to his crotch in front of a subway station on a weekday morning for approximately 10 to 15 minutes recklessly created a risk of public inconvenience, annoyance, or alarm within the meaning of Penal Law § 240.20 (see People v Weaver, 16 NY3d 123, 129; Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167).
However, contrary to the Family Court's determination, the petitioner failed to establish that Frost committed the family offense of menacing in the third degree, as there was insufficient evidence that, by physical menace, he placed or attempted to place the petitioner in fear of death, imminent serious physical injury, or physical injury (see Penal Law § 120.15; Matter of Saquipay v Puzhi, 160 AD3d 879, 880; Paruchuri v Akil, 156 AD3d 712, 714).
Nevertheless, contrary to Frost's contention, the petitioner's evidence demonstrated that the order of protection issued by the Family Court was the appropriate disposition since it was reasonably necessary to provide meaningful protection to the petitioner and to eradicate the root of the domestic disturbance (see Family Ct Act § 842; Matter of Zaytseva v Frazier, 214 AD3d 895, 897; Matter of Lliguicota v Calva, 168 AD3d 1058, 1059).
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court