Matter of Malcolm v Arnold (2025 NY Slip Op 03067)

Matter of Malcolm v Arnold

2025 NY Slip Op 03067

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-08396
2024-08398
 (Docket No. O-20351-23)

[*1]In the Matter of Ashley Malcolm, respondent,
v
Andrea Arnold, appellant.

Christian P. Myrill, Jamaica, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Andrea Arnold appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Nisha Menon, J.), dated August 13, 2024, and (2) an order of protection of the same court, also dated August 13, 2024. The order of fact-finding and disposition, after a hearing, found that Andrea Arnold committed the family offense of harassment in the second degree and directed her to comply with the terms set forth in the order of protection. The order of protection, inter alia, directed Andrea Arnold to refrain from communication with the petitioner until and including August 12, 2025.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
The parties were roommates in a Brooklyn apartment. The petitioner filed a family offense petition against the appellant regarding a physical altercation that occurred in July 2023. In an order of fact-finding and disposition dated August 13, 2024, after a hearing during which both parties testified, the Family Court found that the appellant committed the family offense of harassment in the second degree and directed her to comply with the terms set forth in an order of protection also dated August 13, 2024. The order of protection, inter alia, directed the appellant to refrain from communication with the petitioner until and including August 12, 2025.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Williams v Rodriguez, 225 AD3d 776, 777 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Richardson v Brown, 173 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Richardson v Brown, 173 AD3d at 876 [internal quotation marks omitted]; see Matter of Bashier v Adams, 217 AD3d 764, 764; Matter of Kalyan v Trasybule, 189 AD3d 1046, 1047).
Here, a fair preponderance of the evidence adduced at the fact-finding hearing supports the Family Court's finding that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]). The court was presented with sharply conflicting [*2]accounts by the parties regarding the subject incident, and the court's determination to credit the petitioner's testimony over the appellant's testimony is supported by the record (see Matter of Mitchell-George v George, 234 AD3d 969, 969-970; Matter of Townes v Diggs, 216 AD3d 1104, 1105).
Consequently, there is no basis to disturb the order of protection (see Family Ct Act § 842; Matter of McClean v McClean, 212 AD3d 624, 625).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court